**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SOHEILA SAJADIAN,
Plaintiff-Appellant,

v.                                                                              No. 99-1263

THE AMERICAN RED CROSS,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-98-995-A)

Submitted: November 23, 1999

Decided: December 7, 1999

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lynda Vincienne Rice, CAROLYN C. EAGLIN & ASSOCIATES,
Alexandria, Virginia, for Appellant. F. Joseph Nealon, Constantinos
G. Panagopoulos, BALLARD, SPAHR, ANDREWS & INGER-
SOLL, L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Soheila Sajadian appeals the district court's orders (1) granting the American Red Cross's motion to dismiss her claim of sex discrimination; and (2) granting summary judgment for the American Red Cross and dismissing her claim of national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 1999). We have reviewed the record and find no reversible error. Accordingly, we affirm.

On appeal, Sajadian alleges that the district court erred in (1) finding that she was not discriminated against on the basis of national origin; (2) finding that her complaints to the American Red Cross's Director of Human Resources did not constitute a protected activity; (3) finding that she was not subjected to retaliation and reprisal by the American Red Cross; and (4) dismissing her allegation of sex discrimination.

We find that Sajadian failed to make out a prima facie case of national origin discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir. 1989). Sajadian did not adequately demonstrate that she was performing her job duties satisfactorily. Even if Sajadian had been able to make out a prima facie case, we find that there was sufficient unrebutted evidence submitted by the American Red Cross to demonstrate that she was terminated due to numerous deficiencies in her work performance. The American Red Cross, therefore, had legitimate non-discriminatory reasons for terminating her employment. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Sajadian came forth with no evidence to establish that these reasons were a pretext for discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993).

We also find that Sajadian failed to make out a prima facie case of retaliation. See Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994). Sajadian failed to establish that she ever made any complaint alleging national origin discrimination to the Director of Human Resources, Edward Grant. Although she raised general concerns about her work-

2

load, hours, and denial of leave, there is no evidence that either the American Red Cross or Grant was aware that her complaints were based on an allegation of discrimination. Accordingly, we find that Sajadian failed to show that she engaged in protected activity. See Galdieri-Ambrosini v. National Realty & Dev. Corp. , 136 F.3d 276, 291-92 (7th Cir. 1998). Because Sajadian must show that she engaged in protected activity in order to establish a prima facie case of retaliation, we affirm the district court's finding that she was not subjected to reprisal and retaliation by the American Red Cross.

Finally, we find that the district court correctly dismissed Sajadian's claim of sex discrimination because she failed to raise the claim in her charge to the Equal Employment Opportunity Commission. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (holding that allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaints).

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3